*1354 OPINION.
Green :
The taxpayer claims exemption from taxation under section 231, Revenue Act of 1918, and contends it may properly be brought within one of the classes of organizations mentioned in the following subdivisions of this section:
(1) Labor, agricultural, or horticultural organizations;
⅜ ⅜! ⅜ ⅛ ⅜ ⅜ *
(3) Fraternal beneficiary societies, orders, or associations, (a) operating under the lodge system or for the exclusive benefit of the members of a fraternity itself operating under the lodge system, and (b) providing for the payment of life, sick, accident, or other benefits to the members of such society, order, or association or-their dependents;
* * ⅝ ⅜ * * *
(10) Farmers’ or other mutual hail, cyclone, or fire insurance companies, mutual ditch or irrigation companies, mutual or cooperative telephone companies, or like organizations of a purely local character, the income of which consists solely of assessments, dues, and fees collected from members for the sole purpose of meeting expenses.
Taxpayer argues it is a labor organization, and thus exempt under subdivision (1). We can not, however, find a basis for this contention. The fact that its membership happens to consist mainly of laborers is not determinative. The only restriction in its constitution is.that applicants shall be between the ages of 21 and 60 and “first-class insurance risks in health, habits and moral character.” The express purpose is to carry on the business of health and casualty insurance. It is equally clear that it does not come within the terms of subdivision (3). Its certificate of incorporation provides expressly that it shall be nonfraternal.
It is also argued on. behalf of the taxpayer that it would come within subdivision (10) as a “like organization” to those there enumerated; that it is like those in that it is mutual. The word “mutual” is an adjective qualifying the kinds of organizations named. The word “ like,” as here used, means “ the same as or of the same character ”; it does not mean '“ similar.” Life and health insurance companies or associations are essentially different from the kinds of companies specified in subdivision (10), and we can not impute to Congress an intention to include such associations.
It is a cardinal rule of construction that an exemption from taxation must be expressed in clear and unambiguous terms, and no claim for exemption can be sustained unless within the express letter or necessary scope of the exempting clause.
The subdivision of the Revenue Act of 1924 corresponding to subdivision (10) does name benevolent life insurance associations of a local character and mutual casualty companies, and the report of the *1355 Senate Committee on Finance on the 1924 Revenue Bill states that they were being added.

The deficiencies are $1,010.99 for the year 1918 and $1,1/19.40 for the year 1919. Order will be entered accordingly.